IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**KEITH NICHOLSON SERVICES, LLC**,

    Plaintiff,

v.                                                    **Civil Action No. 5:19-CV-205**
                                                         Judge Bailey

**AMERICAN PETROLEUM PARTNERS
OPERATING, LLC**; **ALPHA INTEGRITY
MANAGEMENT, LLC**; **APP MIDSTREAM, LLC**;
**LESLIE B. SCHABER**, **LORI D. SCHABER**;
**ROSEMARY M. BROWN**; and **ATLANTIC
CONSTRUCTION FABRICS, INC.**,

    Defendants.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**AMERICAN PETROLEUM PARTNERS
OPERATING, LLC** and **APP MIDSTREAM, LLC**,

    Plaintiffs,

v.                                                   **Civil Action No. 5:19-CV-251**
                                                           Judge Bailey

**KEITH NICHOLSON SERVICES, LLC**,

    Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING
IN PART AND DENYING IN PART MOTION TO TRANSFER
<u>VENUE AND MOTION TO CONSOLIDATE AND SEVERING CLAIMS</u>**

Pending before this Court in Civil Action No. 5:19-CV-205 is the Motion to Transfer

1

Venue Or, in the Alternative, to Dismiss Defendants, American Petroleum Partners Operating, LLC, App Midstream, LLC and Rosemary M. Brown [Doc. 28]. Pending in both of the above cases is a Motion to Consolidate filed by Keith Nicholson Services, LLC ("Nicholson") [Doc. 33 in 5:19-CV-205; Doc. 4 in 5:19-CV-251]. Both Motions have been fully briefed and are ripe for decision.

On June 25, 2019, Nicholson filed a Complaint in this Court against defendants and Chevron U.S.A., Inc. ("Chevron"), Chesapeake Appalachia, L.L.C. ("Chesapeake"), Company Wrench, LTD. ("Company Wrench"), Atlantic Construction Fabrics, Inc., Alpha Integrity Management, LLC, Leslie B. Schaber and Lori D. Schaber. [Doc. 1, 5:19-CV-205]. To date, Chesapeake, Chevron, and Company Wrench have been dismissed pursuant to Stipulations of Dismissal filed July 18, 2019, July 25, 2019, and August 06, 2019, respectively. [Docs. 20, 23 & 27, 5:19-CV-205].

The above-referenced Complaint asserts five causes of action:

Count I: Breach of Contract;

Count II: Account Stated and Open Account;

Count III: Unjust Enrichment and Quantum Meruit;

Count IV: Fraud and/or Promissory Estoppel;

Count V: Foreclosure of Mechanic's Lien.

Counts I – IV are directed solely at APP Petroleum Partners Operating, LLC ("APP Operating"), while Count V charges all the defendants. All of the defendants other than APP Operating appear to have only been added for the purpose of foreclosing two mechanic's liens that Nicholson filed in the Circuit Court of Marshall County, West Virginia.

Each of Nicholson's claims arise from a Master Services Contract dated July 13,

2

2018 ("MSC"), wherein the Nicholson and Defendant APP Operating set forth terms under which Nicholson would perform certain construction services on an oil and gas drilling pad ("Casterly Rock Well Pad") for APP Operating. It is undisputed that Nicholson and APP Operating entered into an express written contract, the MSC, to govern the rights and obligations of the parties related to construction on the Casterly Rock Well Pad.

Nicholson alleges that pursuant to the MSC and at APP Operating's request, it bid for certain labor, services and materials in connection with the Casterly Rock Well Pad construction project and that its bid was ultimately accepted by APP Operating. Nicholson further alleges that upon acceptance of the bid, it promptly began providing the services contemplated by the MSC and the bid. Then, APP Operating allegedly failed to pay invoices due Plaintiff related to the Casterly Rock Well Pad construction project in breach of the MSC.

However, the MSC contains certain express provisions that dictate where and how contractual disputes must be resolved. Paragraph 32 of the MSC provides, in pertinent part:

32. **CHOICE OF LAW; VENUE**

THIS CONTRACT SHALL BE GOVERNED BY THE LAWS OF THE COMMONWEALTH OF PENNSYLVANIA, WITHOUT REFERENCE TO CONFLICT OF LAW RULES THAT WOULD DIRECT THE APPLICATION OF LAWS OF ANOTHER JURISDICTION. . .. BOTH PARTIES HERETO CONSENT TO THE EXERCISE OF JURISDICTION IN PERSONAM BY THE FEDERAL COURTS OF THE UNITED STATES LOCATED IN WASHINGTON COUNTY, PENNSYLVANIA OR THE STATE COURTS

3

LOCATED IN WASHINGTON COUNTY, PENNSYLVANIA FOR ANY ACTION ARISING OUT OF THIS CONTRACT OR ANY TRANSACTION CONTEMPLATED HEREBY.  ALL ACTIONS OR PROCEEDINGS WITH RESPECT TO, ARISING DIRECTLY OR INDIRECTLY IN CONNECTION WITH, OUT OF, RELATED TO, OR FROM THIS CONTRACT OR ANY TRANSACTION CONTEMPLATED HEREBY SHALL BE EXCLUSIVELY LITIGATED IN SUCH COURTS DESCRIBED ABOVE HAVING SITES IN WASHINGTON COUNTY, PENNSYLVANIA AND EACH PARTY IRREVOCABLY SUBMITS TO THE JURISDICTION OF SUCH COURTS SOLELY IN RESPECT OF ANY PROCEEDING ARISING OUT OF OR RELATED TO THIS CONTRACT.  IN ANY DISPUTE BETWEEN THEMSELVES, EACH PARTY HEREBY IRREVOCABLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY LAW, ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATED TO THIS CONTRACT.

[Doc. 28-2].

Notwithstanding the foregoing provision, Nicholson filed suit against the defendants in this Court.

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . .." 28 U.S.C. § 1404(a).  "Factors commonly considered in ruling on a transfer motion include: (1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of

4

witnesses; (4) the availability of compulsory process; (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice." ***P.M. Enters. v. Color Works, Inc.***, 946 F.Supp. 435, 440 (S.D. W.Va. 1996) (Haden, CJ)(citing ***AFA Enters., Inc. v. Am. States Ins. Co.***, 842 F.Supp. 902, 908 (S.D. W.Va. 1994)(Haden, CJ)).

When a motion to transfer venue is based on a forum-selection clause, however, the "plaintiff's choice of forum merits no weight" and the court "should not consider arguments about the parties' private interests." ***Atl. Marine Constr. Co. v. U.S. Dist. Court for W.Dist. of Tex.***, 571 U.S. 49, 63 (2013). "A valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." ***Id***. at 62 (quoting ***Stewart Org., Inc. v. Ricoh Corp.***, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)).

The ***Atlantic Marine*** decision altered the traditional Section 1404(a) analysis when a forum-selection clause is present. ***Adkins v. Deangelo Bros.***, 2016 WL 3982529, at * 2 (S.D. W.Va. July 22, 2016) (Chambers, J). First, the plaintiff's choice of an alternative forum is given no weight. ***Id***. (citing ***Atl. Marine Constr. Co.***, 571 U.S. at 63). Second, the court will no longer give weight to private factors, such as convenience for the parties or witnesses. Instead, it will only consider the public factors, but "it will be unusual for the public interest to outweigh the forum-selection clause." ***Adkins***, 2016 WL 3982529, at *2; see ***Atl. Marine Constr. Co.***, 571 U.S. at 64 ("Because [the public interest] factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases."). Third, when a party "files an action in contravention to the [forum-selection clause] 'the contractually selected venue should not apply the law of

5

the transferor venue to which the parties waived their right.'" ***Adkins***, 2016 WL 3982529, at *2 (quoting ***Atl. Marine Constr. Co.***, 571 U.S. at 65-66). The Supreme Court summed up the district court's role in deciding the proper venue when a forum selection clause is present as follows:

> When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place. In all but the most unusual cases, therefore, "the interest of justice" is served by holding parties to their bargain.

***Atl. Marine Constr. Co.***, 571 U.S. at 66.

The forum-selection clause is presumptively valid and enforceable unless enforcement would be "unreasonable under the circumstances." ***Adkins***, 2016 WL 3982529, at *2 (citing ***M/S Bremen v. Zapata Off-Shore Co.***, 407 U.S. 1, 10 (1972)).

Nicholson argues that APP Operating waived its right to enforce the forum-selection clause by filing a suit in Marshall County, West Virginia to quiet title and remove the mechanics liens filed by Nicholson. This action was removed to this Court and assigned case number 5:19-CV-251.

APP Operating counters that West Virginia law requires an action to clear title to be brought in the court where the land is located, citing ***Ray v. Hey***, 183 W.Va. 521, 524-25,

396 S.E.2d 702, 705-06 (1990) (citing Syl. pt. 3, **Tennant's Heirs v. Fretts**, 67 W.Va. 569, 68 S.E. 387 (1910) ("a suit to remove cloud and quiet title is local in its nature, and the jurisdiction of the court is determined by the situs of the land")). This Court must agree. A suit to quiet title to real estate is an *in rem* proceeding and must be brought where the land is located. **In re: Plyburn**, 2014 WL 2118047 (Bankr. N.D. W.Va. May 21, 2014) (Flatley, J). See also **Meltzer v. C. Buck LeCraw & Co.**, 402 U.S. 937, 957 n. 2 (1971).

A party can waive an otherwise valid forum-selection clause, but a waiver of a forum-selection clause "will not be found lightly." **Whiting-Turner Contracting Co. v. Westchester Fire Ins. Co.**, 2013 WL 3177881, at *4 (D. Md. June 20, 2013) (Motz, J) (citing **Wachovia Bank Nat. Ass'n v. EnCap Golf Holdings, LLC**, 690 F.Supp.2d 311, 327 (S.D. N.Y. 2010)). Waiver will be found only where (1) the party invoking the clause acts inconsistent with it or delays its enforcement; and (2) the other party would be prejudiced by enforcement. *Id*.

"Because forum selection clauses may result in a waiver of substantive and procedural rights, it would be unfair to infer such a significant waiver absent clear indication of intent through the party's action." **Wachovia Bank Nat. Ass'n**, 690 F.Supp.2d at 327-28 (quoting **Ferraro Foods Inc. v. M/V Izzet Incekara**, 2001 WL 940562, at *4 (S.D. N.Y. Aug. 20, 2001)). There is no bright-line rule when deciding whether waiver has occurred, and the determination is fact specific. *Id*., citing **Krape v. PDK Labs Inc.**, 194 F.R.D. 82, 86 (S.D. N.Y. 1999)). "The intent to waive must be clear, as conduct with ambiguous meaning will not support a waiver defense." **Bartels by & through Bartels v. Saber Healthcare Grp., LLC,** 880 F.3d 668, 678–79 (4th Cir. 2018) (citing **Hassett v. Dixie**

7

*Furn.Co.*, 333 N.C. 307, 425 S.E.2d 683, 687 (1993)).

Based on the foregoing, this Court finds the filing of the suit to quiet title in Marshall County to be insufficient to constitute a waiver of the forum-selection clause, especially with regard to any claims unrelated to the validity of the mechanics liens filed by Nicholson. "[W]hen a party disregards a forum selection clause and sues on a contract in an unauthorized forum, it waives the forum selection clause only for the specific claim it pursues." *Pirolo Bros., Inc. v. Angelo Maffei & Figli, SAS*, 1989 WL 20945, at *2 (S.D. N.Y. Mar. 2, 1989); *Wachovia Bank Nat. Ass'n*, 690 F.Supp.2d at 327-28; see *Keller Intern., Inc. v. Stabucks Corp.*, 55 F.Supp.2d 839, 850 (E.D. Va. 2014); *Estate of Popovich v. Sony Music Entertainment*, 202 WL 892531 (N.D. Ohio March 14, 2012); *Silverman v. Carvel Corp.*, 192 F.Supp.2d 1, 7 (S.D. N.Y. 2001).

Based upon consideration of the foregoing, this Court does **ORDER** as follows:

1. The Motion to Transfer Venue Or, in the Alternative, to Dismiss Defendants, American Petroleum Partners Operating, LLC, App Midstream, LLC and Rosemary M. Brown [**Doc. 28** in 5:19-CV-205] is **GRANTED IN PART AND DENIED IN PART;**

2. Counts I through IV of the Complaint in 5:19-CV-205 are severed from Count V;

3. Counts I through IV of the Complaint in 5:19-CV-205 are hereby **TRANSFERRED** to the Western District of Pennsylvania. Inasmuch as it is the only defendant cited in Counts I through IV, the only defendant affected by the transfer is APP Operating;

4. The Motion to Consolidate filed by Keith Nicholson Services, LLC

("Nicholson") [**Doc. 33** in 5:19-CV-205; **Doc. 4** in 5:19-CV-251] is **GRANTED IN PART AND DENIED IN PART**;

5.  Count V of the Complaint in 5:19-CV-205 is hereby **CONSOLIDATED** with Civil Action No. 5:19-CV-251, with the **LEAD CASE** to be 5:19-cv-205.

It is so **ORDERED**.

The Clerk of this Court is directed to transmit copies of this Order to counsel of record herein and to the Clerk of the Western District of Pennsylvania.

**DATED**: September 20, 2019.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE